## HOGAN v. TYLER.

### No. 8744; June 24, 1885.

7 Pac. 454.

**Appeal.—Where Evidence is Conflicting, the Court will not Interfere** with the verdict, on appeal, on the ground of insufficiency of the evidence.

**Appeal—Immaterial Evidence—Exclusion not Error.—A** reversal is not warranted, on appeal, by the exclusion of evidence on the ground of immateriality, if the materiality of the evidence offered is not apparent.

APPEAL from Superior Court of the City and County of San Francisco.

George W. Tyler for appellant; Pillsbury & Titus for respondent.

THORNTON, J.—As to the insufficiency of the evidence to justify the verdict, it only needs to be said that the evidence is conflicting, and, under such circumstances, this court will not interfere with such verdict on appeal. The parol evidence of the plaintiff did not tend to contradict, add to, or vary the written contract entered into between the parties to this action. The oral evidence referred to a different agreement, which was never reduced to writing. Under such circumstances, the rule which excludes parol evidence on the ground that it will contradict, add to, or vary an agreement in writing does not apply: 1 Greenleaf on Evidence, secs. 284a, 303.

The defendant, on the cross-examination of plaintiff, put to him the following question: "Now, before you delivered these papers—this note and the policies of insurance—to Judge Tyler, did you have any conversation with Mrs. Hedge on the subject?" The question was objected to by the plaintiff as immaterial; that any conversation with Mrs. Hedge was immaterial, as she was not a party to the action. The objection was sustained and defendant excepted. Why this question was asked was not explained. No statement was made to show how the answer to it could be in any way ma-

terial to any issue involved in the cause. Under these circumstances we can see no error in the ruling of the court.

The plaintiff by his counsel asked defendant whether he was aware of certain evidence given by one Fred. Hedge at the time he (defendant) dismissed an action concerning which testimony had been offered in the case. Defendant objected to the question on the ground that it referred to a deposition which was given in another case, and which had not been offered in evidence herein. The objection was overruled and defendant excepted. The witness answered that he was aware that Hedge had made a deposition, which was in writing; that he had read it; but that he would not state the contents of it unless he was compelled to do so by the court. He at the same time stated that he did not think counsel correctly stated the contents of the deposition. This was substantially all that occurred in relation to the question and answer that is material. The witness was not asked to state the contents of the deposition. The inquiry extended only to his own knowledge of the evidence given by Hedge (which evidence was embodied in the question) at the time he dismissed the suit referred to. This he answered. We see no error in the ruling of the court. The contents of the deposition were not asked for, nor were they testified to. We cannot see in what manner defendant was prejudiced by a question whether at a time mentioned in it he was aware of the matters stated in the question. The above disposes of all the points made on behalf of appellant.

Judgment and order affirmed.

We concur: Sharpstein, J.; Myrick, J.